IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JAMES MCKINNEY,** | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **THE CHEESECAKE FACTORY RESTAURANTS, INC.,** | **JURY DEMAND** |
| Defendant. | |

Plaintiff, **JAMES MCKINNEY**, by and through his attorneys JTB LAW GROUP LLC and THE ORLANDO FIRM, P.C., as and for his Complaint against Defendant, **THE CHEESECAKE FACTORY RESTAURANTS, INC**, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to recover monetary damages, liquidated damages, and costs, including reasonable attorney's fees, as a result of Defendant willful violations of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Defendant was sent multiple pre-suit litigation letters to discuss this matter and did not reply.

3. Defendant violated the FLSA overtime requirement, 29 U.S.C. § 207(a)(1) by failing to pay him for hours worked in excess of forty (40) in a workweek. Specifically, Defendant regularly scheduled Plaintiff to work approximately forty (40) hours per week, but assigned him a volume of work that could not be completed in this time. As a result, Plaintiff regularly began working up to three (3) hours before the start of his scheduled shifts. Defendant knew that

Plaintiff was working up to three (3) hours before the start of his scheduled shifts, but willfully failed to provide him with any hourly compensation for this time, in violation of 29 U.S.C. § 207(a)(1).

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, a federal statute.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the Defendant is operations in this district and are subject to personal jurisdiction in this district.

## THE PARTIES

6.  Plaintiff was and is currently a resident of the state of Georgia.

7.  Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC.**, is a restaurant chain with locations throughout the United States, and has its principal place of business in California and is headquartered in Calabasas Hills, California.

8.  Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC**. employed Plaintiff as an hourly-paid, non-exempt employee from approximately 2005 through October 26, 2016.

9.  Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC**. controlled the terms and conditions of Plaintiff's employment.

10. Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC**. was Plaintiff's employer at all relevant times.

11. Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC**. controlled Plaintiff's pay.

12.     Defendant **THE CHEESECAKE FACTORY RESTAURANTS, INC**. was listed on Plaintiff's paystubs.

13.     At all relevant times, Defendant's annual revenue has exceeded $500,000.

14.     At all relevant times, Defendant has had more than two employees working on goods that were produced for and that moved in interstate commerce, such as food and beverage products.

## FACTUAL ALLEGATIONS

15.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

16.     Defendant employed Plaintiff as an hourly-paid, non-exempt employee from approximately 2005 until approximately October 26, 2016.

17.     At all relevant times, Plaintiff worked at Defendant's restaurant located at 2860 Cumberland Mall SE, Atlanta, GA 30339.

18.     At all relevant times, Plaintiff worked for Defendant as a Steward or "EKM."

19.     At all relevant times, Plaintiff's primary job duties consisted of ordering and purchasing of food, dishes and other necessary supplies based on criteria established by Defendant.

20.     At all relevant times, Defendant paid Plaintiff an hourly rate for each hour he reported into Defendant's timekeeping system.

21.     At all relevant times, Defendant regularly scheduled Plaintiff to work eight (8) hours a day, Tuesday through Saturday.

22.     At all relevant times, Plaintiff regularly worked over forty (40) hours per week.

23.     At all relevant times, Plaintiff reported to work and began working up to three (3) hours before the start of his scheduled shift on most if not all workdays.

24. At all relevant times, Plaintiff was not permitted to clock in until his shift started and thus was not paid for the up to three (3) hours of work he performed before the start of his scheduled shift.

25. At all relevant times, Defendant knew that Plaintiff was performing work off the clock before his scheduled shifts, as Plaintiff was instructed to perform such work by his supervisors, and Plaintiff's supervisors directly observed him performing work before the start of his scheduled shifts.

26. At all relevant times, Defendant knew that Plaintiff was not clocked in for the work he performed before his scheduled shifts, as Defendant's timekeeping system prohibited Plaintiff from clocking in before his scheduled shift.

27. At all relevant times, Defendant knew that Plaintiff was not receiving compensation for the work he performed before his scheduled shifts, as Plaintiff made numerous requests to his supervisors to be paid for such time that were ignored.

## FIRST CLAIM FOR RELIEF
### (Violation of the FLSA)

28. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29. Plaintiff was required by Defendant and regularly worked over forty (40) hours a week.

30. Defendant failed to pay overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40).

31. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary, and in bad faith.

32. Because Defendant's willfully violated the FLSA a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

33. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(B) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(C) An order directing Defendant to pay Plaintiff reasonable attorney's fees and all costs connected with his action;

(D) Such other and further relief as to this Court may deem necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: August 16, 2017~~August 15, 2017~~

By: /s Roger W. Orlando
Roger W. Orlando
**THE ORLANDO FIRM, P.C.**
Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030

(404) 373-1800 (office)
(404) 373-6999 (fax)
roger@OrlandoFirm.com

Alexander Imel (will *pro hac vice*)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
alec.imel@jtblawgroup.com

*Attorneys for Plaintiff*